KAREN P. HEWITT
United States Attorney
EUGENE S. LITVINOFF
Assistant U.S. Attorney
California State Bar No. 214318
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5790 / (619) 235-2757 (Fax)
Email: Eugene.Litvinoff2@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Criminal Case No. 06CR2480-L |
|---|---|
| Plaintiff, | ) Date:      April 7, 2008 |
|  | ) Time:      8:30 a.m. |
| v. | ) |
|  | ) GOVERNMENT'S RESPONSE AND |
| JOSE CAMACHO-JIMENEZ, | ) OPPOSITION TO DEFENDANT'S |
|  | ) MOTIONS TO: |
| Defendant. | ) |
|  | ) (1)   DISMISS INDICTMENT; AND |
|  | ) (2)   LEAVE TO FILE FURTHER MOTIONS |
|  | ) |
|  | ) TOGETHER WITH STATEMENT OF |
|  | ) FACTS, MEMORANDUM OF POINTS |
|  | ) AND AUTHORITIES, AND |
|  | ) GOVERNMENT'S MOTIONS FOR: |
|  | ) |
|  | ) (1)   RECIPROCAL DISCOVERY; AND |
|  | ) (2)   FINGERPRINT EXEMPLARS |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel Karen P. Hewitt, United States Attorney, and Eugene S. Litvinoff, Assistant U.S. Attorney, and hereby files its Response and Opposition to the motions filed on behalf of the above-captioned defendant and hereby files its Motions For Reciprocal Discovery and Fingerprint Exemplars. This Response and Opposition and Motions For Reciprocal Discovery and Fingerprint Exemplars is based upon the files and records of this case.

# I

# INDICTMENT

On January 31, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging Jose Camacho-Jimenez ("Defendant") with illegal reentry after deportation, in violation of Title 8, United States Code, Section 1326. On January 31, 2008, Defendant was arraigned on the Indictment and entered a plea of not guilty.

# II

# STATEMENT OF FACTS

**A.   IMMIGRATION HISTORY**

Defendant is a Mexican citizen who was ordered deported by an immigration judge on November 1, 1996. He has been physically removed from the United State numerous times, including on December 17, 2007 through Calexico, California.

**B.   RAP SHEET SUMMARY CHART**

| CONVICT DATE | COURT OF CONVICTION | CHARGE | TERM |
| --- | --- | --- | --- |
| 3/10/2003 | CASC Newport Beach | HS 11352(a) - Transport/Sell Narcotic / Controlled Substance (felony) | 6 years |
| 10/17/2000 | CASC Los Angeles | HS 11350(a) – Possession of Narcotic / Controlled Substance (felony) | 2 years and 8 months prison |
| 8/18/1998 | CASC Los Angeles | PC 12021(a) – Felon in Possession of a Firearm (felony) | 3 years prison |
| 2/23/1995 | CASC Los Angeles | PC 12021(a) – Felon in Possession of a Firearm (felony) | 3 years prison |
| 5/17/1990 | CASC Los Angeles | HS 11351 – Poss/Purchase/ for Sale Narcotics / Controlled Substance (felony) | 180 days jail; 36 months probation |
| 10/17/1989 | CAMC Los Angeles | PC 245(a)(1) – Force / Assault with a Deadly Weapon not Firearm: Great Bodily Injury Likely (felony) | 210 days jail; 36 months probation |
| 2/18/1991 | CAMC Long Beach | PC 12020(a) – Possess/Manf./Sell Dangerous Weapon/etc. (felony) | 15 days jail; 12 months probation |

/ /

/ /

1  **C.   INSTANT OFFENSE – ATTEMPTED ILLEGAL REENTRY**

2      **1.   Apprehension and Immigration Status Determination**

On January 1, 2008, Defendant, at approximately 10:15 a.m., U.S. Border Patrol Agent Owens responded to a citizen report of a suspected illegal alien walking along the highway near the juncture of State Highway 79 and Interstate Highway 8 near Pine Valley, California. This area is located about 5 miles east of the Tecate, California Port of Entry and 13 miles north of the international border between the United States and Mexico. Agent Owens observed an individual, later identified as Defendant, walking by himself westbound along Highway 8. Agent Owens approached Defendant and identified himself as a Border Patrol agent and questioned Defendant as to his immigration status.

Defendant stated that he was a citizen and national of Mexico and that he did not have any documents allowing him to enter or remain in the United States legally. Defendant was arrested and transported to the Camp Border Patrol Station for further processing.

    **2.   Defendant's Voluntary Statement**

Defendant was advised in Spanish of his <u>Miranda</u> rights at approximately 1:30 p.m. on January 1, 2008, and he agreed to answer questions. Defendant again admitted that he is a citizen and national of Mexico. He also stated that he did not possess the proper documents to be in the United States. He admitted that he knew he was crossing illegally into the United States. Defendant stated that he crossed the border east of the Tecate, California Port of Entry on December 27, 2007 at approximately 10:00 p.m.

**III**

**POINTS AND AUTHORITIES**

**A.   THE GOVERNMENT WILL CONTINUE TO COMPLY WITH ALL ITS DISCOVERY OBLIGATIONS**

The Government intends to fully comply with its discovery obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. § 3500), and Rule 16 of the Federal Rules of Criminal Procedure. To date, 242 pages of discovery and a DVD of Defendant's post-<u>Miranda</u> statement have been produced to Defendant. The Government anticipates that most

1   discovery issues can be resolved amicably and informally, and has addressed Defendant's specific
2   requests below.

3   **(1)    The Defendant's Statements**

4   The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to
5   provide to Defendant the substance of Defendant's oral statements and Defendant's written
6   statements. The Government has provided to Defendant all written statements that are known to
7   the undersigned Assistant U.S. Attorney at this date and will produce all available videotapes
8   and/or audiotapes as soon as possible. If the Government discovers additional oral or written
9   statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will
10  be provided to Defendant.

11  The Government has no objection to the preservation of the handwritten notes taken by any
12  of the Government's agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th
13  Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective
14  government witnesses). However, the Government objects to providing Defendant with a copy
15  of any rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes
16  where the content of those notes have been accurately reflected in a type-written report. See
17  United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573,
18  583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where
19  there are "minor discrepancies" between the notes and a report). The Government is not required
20  to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements"
21  (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim
22  narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United
23  States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not
24  constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d
25  1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes
26  were scattered and all the information contained in the notes was available in other forms). The
27  notes are not Brady material because the notes do not present any material exculpatory
28  information, or any evidence favorable to Defendant that is material to guilt or punishment.

1  Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither
2  favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos,
3  27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence
4  was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable
5  under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

      **(2)**     **Defendant's Prior Record**

7  The United States has provided Defendant with a copy of his criminal record in accordance
8  with Federal Rule of Criminal Procedure 16(a)(1)(B).

      **(3)**     **Tangible Objects**

10  The Government has complied and will continue to comply with Rule 16(a)(1)(E) in
11  allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all
12  tangible objects seized that is within its possession, custody, or control, and that is either material
13  to the preparation of Defendant's defense, or is intended for use by the Government as evidence
14  during its case-in-chief at trial, or was obtained from or belongs to Defendant. The Government
15  need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767
16  F.2d 574, 584 (9th Cir. 1984).

17  Defense counsel examined Defendant's A-File at the U.S. Attorney's Office on February
18  28, 2008. Defendant was provided in discovery copies of any documents in his A-File that
19  Defense counsel marked for production.

      **(4)**     **Reports of Scientific Tests or Examinations**

21  Defendant requests written reports of tests pursuant to Federal Rules of Criminal Procedure
22  16(f). The United States will disclose to Defendant the name, qualifications, and a written
23  summary of testimony of any expert the United States intends to use during its case-in-chief at trial
24  pursuant to Fed. R. Evid. 702, 703, or 705.

      **(5)**     **Expert Witnesses**

26  The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written
27  summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705
28  of the Federal Rules of Evidence during its case-in-chief at trial. This summary shall include the

1 expert witnesses' qualifications, the expert witnesses opinions, the bases, and reasons for those
2 opinions.

3     **(6)**    **Brady Material**

4 Again, the United States is well aware of and will continue to perform its duty under <u>Brady
5 v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976), to disclose
6 exculpatory evidence within its possession that is material to the issue of guilt or punishment.
7 Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be,
8 favorable to the accused, or which pertains to the credibility of the United States' case. As stated
9 in <u>United States v. Gardner</u>, 611 F.2d 770 (9th Cir. 1980), it must be noted that "the prosecution
10 does not have a constitutional duty to disclose every bit of information that might affect the jury's
11 decision; it need only disclose information favorable to the defense that meets the appropriate
12 standard of materiality." <u>Id.</u> at 774-775 (citation omitted).

13 The United States will turn over evidence within its possession which could be used to
14 properly impeach a witness who has been called to testify.

15 Although the United States will provide conviction records, if any, which could be used
16 to impeach a witness, the United States is under no obligation to turn over the criminal records of
17 all witnesses. <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976). When disclosing such
18 information, disclosure need only extend to witnesses the United States intends to call in its case-
19 in-chief. <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United States v. Angelini</u>,
20 607 F.2d 1305, 1309 (9th Cir. 1979).

21 Finally, the United States will continue to comply with its obligations pursuant to
22 <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

23     **(7)**    **Proposed 404(b) and 609 Evidence**

24 Should the United States seek to introduce any similar act evidence pursuant to Federal
25 Rule of Evidence 404(b), the United States will provide Defendant with notice of its proposed use
26 of such evidence and information about such bad act at the time the United States' trial
27 memorandum is filed.

28

1   In an abundance of caution, the United States hereby puts Defendant on notice of its intent to introduce evidence of any of his prior illegal crossings and/or removals under Rule 404(b). Under Rule 609, the United States intends to impeach Defendant with any and all felony convictions sustained in the past 10 years, should he choose to testify at trial.

### (8)   Jencks Act Material

The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks Act is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)). While the Government is only required to produce all Jencks Act material after the witness testifies, the Government plans to provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

### (9)   Evidence of Bias or Motive to Lie

The United States is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant. The United States is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

### (10)   Giglio Information

As stated previously, the United States will comply with its obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and Giglio v. United States, 405 U.S. 150 (1972).

//
//

**(11)   Criminal Investigation of Government Witness**

Defendants are not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. "[T]he criminal records of such [Government] witnesses are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976); United States v. Riley, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. United States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)(C) to supply a defendant with the criminal records of the Government's intended witnesses.") (citing Taylor, 542 F.2d at 1026).

The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the Government intends to call in its case-in-chief. When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

**(12)   Personnel Records of Government Officers Involved in the Arrest**

The United States will continue to comply with its obligations pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

**B.   THE GOVERNMENT DOES NOT OPPOSE LEAVE TO FILE FURTHER MOTIONS, SO LONG AS THEY ARE BASED ON NEW DISCOVERY**

The Government does not oppose granting leave to file further motions, so long as any new motions are based on new discovery and the order applies equally to both parties.

**IV**

**GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY**

**A.   ALL EVIDENCE FOR DEFENDANT'S CASE-IN-CHIEF**

Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), the United States requests that Defendant permit the Government to inspect, copy

1  and photograph any and all books, papers, documents, photographs, tangible objects, or make
2  copies or portions thereof, which are within the possession, custody, or control of Defendant and
3  which Defendant intends to introduce as evidence in his case-in-chief at trial.
4      The Government further requests that it be permitted to inspect and copy or photograph any
5  results or reports of physical or mental examinations and of scientific tests or experiments made
6  in connection with this case, which are in the possession and control of Defendant, which he
7  intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom
8  Defendant intends to call as a witness. The Government also requests that the Court make such
9  order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives
10 the reciprocal discovery to which it is entitled.

11 **B.    RECIPROCAL JENCKS – STATEMENTS BY DEFENSE WITNESSES**

12     Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires
13 production of the prior statements of all witnesses, except a statement made by Defendant. The
14 time frame established by Rule 26.2 requires the statements to be provided to the Government after
15 the witness has testified. However, to expedite trial proceedings, the Government hereby requests
16 that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date
17 before trial to be set by the Court. Such an order should include any form in which these
18 statements are memorialized, including but not limited to, tape recordings, handwritten or typed
19 notes and reports.

20 **V**

21 **GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS**

22     As part of its case, the United States must prove that Defendant was previously deported
23 from the United States. To prove this element, the United States anticipates calling a certified
24 fingerprint examiner to testify that Defendant is the individual whose fingerprint appears on the
25 warrants of deportation and other deportation documents. A number of chain of custody witnesses
26 could be eliminated, and judicial resources conserved, by permitting the Government's expert to
27 take Defendant's fingerprints himself. The Defendant's fingerprints are not testimonial evidence.
28 See Schmerber v. California, 384 U.S. 757 (1966). Further, using identifying physical

1  characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment rights against
2  self-incrimination.  <u>United States v. DePalma</u>, 414 F.2d 394, 397 (9th Cir. 1969); <u>Woods v. United
3  States</u>, 397 F.2d 156 (9th Cir. 1968); <u>see</u> <u>also</u>, <u>United States v. St. Onge</u>, 676 F. Supp. 1041, 1043
4  (D. Mont. 1987).  Accordingly, the Government requests that the Court order that Defendant make
5  himself available for fingerprinting by the Government's fingerprint expert.

## VI

## **CONCLUSION**

For the foregoing reasons, the United States requests that the Court deny Defendant's motions, except where unopposed, and grant the United States' motions for reciprocal discovery and fingerprint exemplars.

DATED: March 31, 2008

Respectfully submitted,
KAREN P. HEWITT
United States Attorney

/s/ *Eugene S. Litvinoff*
_____
EUGENE S. LITVINOFF
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: Eugene.Litvinoff2@usdoj.gov

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR0265-JAH |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| JOSE CAMACHO-JIMENEZ, | ) | |
| Defendant. | ) | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY CERTIFIED THAT:

I, EUGENE S. LITVINOFF, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I have caused service of **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS and GOVERNMENT'S MOTIONS FOR RECIPROCAL DISCOVERY AND FINGERPRINT EXEMPLARS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**1.    Kenneth J. Troiano, Esq.**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

N/A

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 31, 2008.

/s/ *Eugene S. Litvinoff*
EUGENE S. LITVINOFF
Assistant U.S. Attorney